UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

BROOKE COLE,

     Plaintiff,

v.                           Case No. _____

DOLGENCORP, LLC,

     Defendant.

_____/

## DEFENDANT DOLGENCORP, LLC'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant, DOLGENCORP, LLC, (hereinafter "Defendant"), by and through its undersigned counsel, hereby gives notice of removal of the case styled *Brooke Cole v. Dolgencorp, LLC*, Case No. 2023-CA-001308, currently pending in the Circuit Court for the Second Judicial Circuit, in and for Leon County, Florida (the "State Court Action"), to the United States District Court for the Northern District of Florida, Tallahassee Division. As grounds, Defendant states as follows:

1.     On or about April 5, 2023, Brooke Cole ("Plaintiff") filed her Complaint with the Second Judicial Circuit, in and for Leon County, Florida, initiating the State Court Action.

2.     Plaintiff served Defendant with the Complaint on May 23, 2023.

3.      Pursuant to 28 U.S.C. § 1446(b), a true and legible copy of all processes, pleadings, motions and orders on file with the State Court Action is attached hereto as Exhibit A.

4.      Pursuant to 28 U.S.C. § 1446(b), Defendant has timely filed this Notice of Removal within thirty days after receipt of a copy of Plaintiff's initial pleading.

5.      Removal to this Court is proper under 28 U.S.C. § 1446(a) because the United States District Court for the Northern District of Florida, Tallahassee Division, is the district and division within which the Circuit Court for the Second Judicial Circuit in and for Leon County, Florida, is located.

6.      Pursuant to 28 U.S.C. § 1446(d), Defendant has provided written notice of the filing of this Notice of Removal to Plaintiff and has filed a true and correct copy of this Notice of Removal with the Clerk of the Circuit Court of the Second Judicial Circuit, in and for Leon County, Florida. *See* Exhibit B.

**Diversity of Citizenship exists**

7.      Pursuant to 28 U.S.C. § 1332 and 1441, this action may be removed to this Court in that it is a civil action in which the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states. Specifically, the facts supporting diversity jurisdiction are set forth below.

A.      <u>Plaintiff Is a Citizen of Florida.</u>

8. According to the allegations in the Complaint, Plaintiff is a citizen of the state of Florida. Plaintiff alleges that she has been "a resident of the State of Florida" and worked for Defendant in Florida. *See* Compl. ¶ 3. As a resident of Florida, Plaintiff is domiciled in and, therefore, a citizen of the state of Florida. See *Molinos Valle Del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1342 (11th Cir. 2011) (holding that an assertion of permanent residency sufficiently alleges domicile). Accordingly, Defendant is informed and believes that Plaintiff, at the time this action was commenced, was and still is a citizen of the State of Florida for purposes of this removal.

B.   Defendant Is Not a Citizen of Florida.

9. Complete diversity of citizenship exists because Defendant is not a citizen of the state of Florida within the meaning of 28 U.S.C. §1332(c)(1).

10. Dolgencorp, LLC, is a single-member limited liability company, formed under the laws of the State of Kentucky with a principal place of business in the State of Tennessee. A limited liability company is a citizen of any state of which a member of the company is a citizen. See *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374* F.3d 1020, 1022 (11th Cir. 2004).

11. Defendant Dolgencorp, LLC's sole member is Dollar General Corporation, a corporation organized under the laws of Tennessee with its principal place of business in Tennessee. Thus, Defendant is a citizen of Tennessee.

12.     Because Defendant is a citizen of Tennessee and Plaintiff is a citizen of Florida, complete diversity of citizenship exists between the parties, as required by 28 U.S.C. § 1332(a)(1).

a.     II.     The Amount in Controversy Exceeds $75,000.

13.     Plaintiff brings claims for violations of the Florida Civil Rights Act, Fla. Stat. § 760, et seq. ("FCRA"), alleging (1) race discrimination and (2) gender discrimination.

14.     In her Complaint, Plaintiff alleges damages in excess of $50,000. *See* Compl. ¶ 2. Specifically, Plaintiff seeks compensation for "emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, bodily injury, mental anguish, loss of enjoyment of life, and other non-pecuniary losses" and "lost back and front pay, interest on pay, bonuses, and other benefits." *See* Compl. at ¶ 35, and  ¶ 45.  Plaintiff further seeks "injunctive/equitable relief and punitive damages" and claims that her damages "have occurred in the past, are permanent and continuing." *Id*. Plaintiff also seeks "all legally-available general and compensatory damages and economic loss," "attorney's fees and costs," "interest where appropriate," and "other further relief as being just and proper under the circumstances." *See* Compl. at sub-paragraphs c-g, in the Prayer for Relief.

15.    Taken together, while Plaintiff has failed to plead a specific amount of damages, it is clear from the face of the Complaint and allegations pled that the amount in controversy exceeds $75,000.

16.    When, as here, damages are not specified in the Complaint, the removing defendant must prove by a preponderance of the evidence that the amount in controversy "more likely than not exceeds" the jurisdictional requirement of $75,000. *Roe v. Michelin N. Am., Inc*., 613 F.3d 1058, 1061 (11th Cir. 2010). "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014); see also *Pretka v. Kolter City Plaza II, Inc.,* 608 F.3d 744, 754 (11th Cir. 2010) (holding a removing defendant "is not required to prove the amount in controversy beyond all reasonable doubt or to banish all uncertainty about it"). In determining the amount in controversy, the Court should look to the Complaint. *Id*. As set forth below, the actual amount in controversy clearly exceeds $75,000.

17.    Under the FCRA, a plaintiff may recover, and this Plaintiff seeks, among other things, the following types of relief: an injunction restraining continued violation of the Act; reinstatement of Plaintiff to the same position held before the discriminatory personnel action, or to an equivalent position; reinstatement of full fringe benefits and seniority rights; compensation for lost wages, benefits, and other

remuneration; any other compensatory damages allowable at law; reasonable attorneys' and paralegal fees, interest and costs; and any such other and further relief that this Honorable Court deems just and proper. *See* Fla. Stat. § 760.11. Thus, the amount in controversy comprises all of these forms of relief.

18.    In addition, the Civil Cover Sheet that Plaintiff simultaneously filed with the state court unambiguously indicates that the amount in controversy exceeds $100,000.00. See *Natty Chase v. Holiday CVS, LLC*, 2022 WL 2135446, at *3 (S.D. Fla. May 13, 2022) (noting that courts can consider the state court Civil Cover Sheet in tandem with other evidence establishing the amount in controversy). Specifically, Plaintiff checked that the "Amount of Claim" is over "$100,000." *See* Exhibit A.

19.    Plaintiff is seeking back and front pay damages. See Compl. at ¶ 35 and ¶ 45. Plaintiff's Complaint alleges that her employment with Defendant ended on April 9. 2019. *See* Compl. ¶ 6. Based on her personnel records with Defendant, Plaintiff earned $10 per hour, as of her termination date in April 2019, approximately $20,000 per year. By the time of trial – approximately one year from now – those lost wages will approximate $100,000. *See Deel v. Metromedia Rest. Servs., Inc.,* No. 3:05CV120/MCR, 2006 WL 481667, at *4 (N.D. Fla. Feb. 27, 2006) (calculating back pay to date of trial); *Gonzalez v. Honeywell Int'l, Inc.,* 2017 WL 164358, at *2 (M.D. Fla. Jan. 17, 2017) ("Combining evidence (i.e., the rate of Plaintiff's salary) with reasonable extrapolations (i.e., calculating the amount of back

pay by estimating a reasonable trial date) is not improper speculation"). "As noted in *Pretka,* '[t]he amount of controversy is ... an estimate of the amount that will be put at issue in the course of the litigation.'" Id. (citing *Pretka*, 608 F.3d at 751) (emphasis original in Gonzalez). In addition, courts have considered a plaintiff's potential recovery of front pay when calculating the amount in controversy. See, e.g., *Brown v. Cunningham Lindsey U.S., Inc.,* No. 3:05-cv-141, 2005 WL 1126670, at *5 (M.D. Fla. May 11, 2005) (valuing reinstatement or front pay for purposes of determining jurisdictional amount); *Logsdon v. Duron, Inc.,* No. 3:05-cv-243, 2005 WL 1163095, at *5 (M.D. Fla. May 17, 2005) (same). Adding front pay of approximately one year to the back pay claim reinforces that the amount in controversy is well over the $75,000.00 threshold.

20.    Plaintiff also alleges that she suffered "emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, bodily injury, mental anguish, loss of enjoyment of life." Compl. ¶ 35 and 45. "While it is difficult to quantify the value of these damages, for purposes of determining the amount in controversy, a defendant may satisfy its burden by submitting evidence of damages from decisions in comparable cases." *Schmidt v. Pantry, Inc.,* No. 1:11-cv-228, 2012 WL 1313490, at *3 (N.D. Fla. Mar. 6, 2012). Jury verdict and settlement reports in employment-related retaliation cases where compensatory damages are awarded establish that successful plaintiffs routinely recover awards that would satisfy or

exceed the jurisdictional threshold. See, e.g., *Stone v. GEICO General Ins. Co.,* No. 8:05-cv-636, 2009 WL 3720954 (M.D. Fla. Nov. 5, 2009) (jury awarded $200,000.00 in compensatory damages for emotional pain and mental anguish); *EEOC v. Federal Express Corp.,* 2004 WL 6024553 (M.D. Fla. Dec. 16, 2004) (noting that court reduced award for emotional pain and suffering in retaliation case from $1,370,000 to $350,000). Here, Plaintiff seeks "all legally-available general and compensatory damages" (Compl. at sub-paragraph c, in the Prayer for Relief), which could alone exceed the jurisdictional threshold.

21.     Punitive damages should also be considered when calculating the amount in controversy in diversity cases. See *Brown v. Cunningham Lindsey U.S., Inc.,* No. 3:05-cv-141, 2005 WL 1126670, at *5 (M.D. Fla. May 11, 2005) (holding that punitive damages claim further increased the amount in controversy well above $75,000 jurisdictional threshold, as nothing in plaintiff's complaint or motion for remand indicated plaintiff was seeking less than the maximum allowable amount of punitive damages). Under the Florida Civil Rights Act, Plaintiff's punitive damages must be capped at $100,000. Fla. Stat. See 760.11(5).

22.     Finally, Plaintiff's request for attorneys' fees and costs must be taken into account when calculating the amount in controversy. When a statute, such as the FCRA, "authorizes the recovery of attorneys' fees, a reasonable amount of those fees is included in the amount in controversy." See *Federated Mut. Ins. Co. v.*

*McKinnon Motors, LLC,* 329 F.3d 805, 808, n.4 (11th Cir. 2003) (attorneys' fees are included in the amount in controversy if they are provided for under statute); *Brown v. Cunningham Lindsey U.S., Inc.,* No. 3:05-cv-141, 2005 WL 1126670, at *4 (M.D. Fla. May 11, 2005) (including prospective attorneys' fees in the amount in controversy) (citing *Morrison v. Allstate Indemnity Co.,* 228 F.3d 1255, 1265 (11th Cir. 2000)). Because attorneys' fees in employment cases often exceed the jurisdictional threshold of $75,000, there is no question that the amount in controversy has been satisfied in the instant case. See, e.g., *Mock v. Bell Helicopter Textron, Inc.,* 2010 WL 5066121 (M.D. Fla. Sept. 3, 2010) (awarding plaintiff $342,207.81 in attorneys' fees in discrimination case); *EEOC v. Enterprise Leasing Co., Inc.,* No. 8:00-cv-2012, 2003 WL 21659097, at *8 (M.D. Fla. May 16, 2003) (intervening was awarded $81,538.50 as attorneys' fees for work performed in a non-complex case by lead counsel even after reducing lead counsel's hourly rate, the number of hours billed, and adjusting the lodestar).

23.     Because Plaintiff seeks all relief the Court deems just and equitable, including the damages outlined above, the total damages that Plaintiff could recover in this case exceed $75,000. Although Defendant denies that Plaintiff is entitled to these damages, these are the damages that Plaintiff is seeking in this action and those damages represent the amount in controversy. Therefore, the jurisdictional amount in controversy requirement is met, and diversity jurisdiction exists.

24.    There are no other defendants who would need to join in, or consent to, this Notice of Removal.

WHEREFORE, Defendant, DOLGENCORP, LLC, respectfully requests that this Court take jurisdiction of this action and issue all necessary orders and process to remove *Brooke Cole v. Dolgencorp, LLC,* Case No. 2023-CA-001308, currently pending in the Circuit Court for the Second Judicial Circuit, in and for Leon County, Florida, to the United States District Court for the Northern District of Florida, Tallahassee.

DATED:    June 12, 2023                Respectfully submitted,


                                                   OGLETREE, DEAKINS, NASH,
                                                    SMOAK & STEWART, P.C.

                                                   /s/  ***Sarah Kuehnel***
                                                   Sarah Kuehnel, Esquire
                                                   Florida Bar No. 124765
                                                   sarah.kuehnel@ogletree.com
                                                   Ashley N. Donnell, Esquire
                                                   Florida Bar No. 101535
                                                   ashley.donnell@ogletree.com
                                                   100 North Tampa Street, Suite 3600
                                                   Tampa, FL 33602
                                                   Telephone: (813) 289-1247
                                                   Facsimile:   (813) 289-6530
                                                   Secondary Emails:
                                                   jami.wiyda@ogletree.com
                                                   elba.chinea@ogletree.com
                                                   susan.urso@ogletree.com
                                                   tamdocketing@ogletree.com
                                                   ***Attorneys for Defendant***

**<u>CERTIFICATE OF SERVICE</u>**

**I HEREBY CERTIFY** that on June 12, 2023, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system.


_**/s/  Sarah Kuehnel**_
  Attorney