# EXHIBIT A

| HOME | ONLINE SERVICES  + | COURT SERVICES  + | RECORDS  + | FEES |
| --- | --- | --- | --- | --- |
| CLERK TO THE BOARD  + | USEFUL LINKS  + | HOW DO I.... | | |

# Leon County Clerk of the Circuit Court and Comptroller Court Case Search

Full Case View ⦿

**Print Page**

### 37 2023 CA 001308 - COLE, BROOKE vs DOLGENCORP LLC

| Party Status | Party | Party Code | Attorney | Attorney Status |
| --- | --- | --- | --- | --- |
| | DOLGENCORP, LLC , | DEFENDANT | PRO SE | ACTIVE |
| | COLE, BROOKE | PLAINTIFF | MARIE A MATTOX | ACTIVE |
| | COLE, BROOKE | PLAINTIFF | ERIKA E GOODMAN | ACTIVE |

Top of Page

| Action Dscr | Open/Reopen Status | Open/Reopen Date | Disposition | Disposition Date | Judge |
| --- | --- | --- | --- | --- | --- |
| OTHER DISCRIMINATION | OPEN | 4/5/2023 11:39:03 PM | | | DEMPSEY |

Top of Page

| Charge # | Action Code | Description | Plea Date | Plea | Decision Date | Court Action | Charge Disposition | Citation |
| --- | --- | --- | --- | --- | --- | --- | --- | --- |
| | | - | | | | | | |

Top of Page

| Judges Appearing on Case | | | |
| --- | --- | --- | --- |
| Last Name | First Name | Date Assigned | Source |
| DEMPSEY | ANGELA | 4/6/2023 10:12:18 AM | BM |

Top of Page

**Viewing Option for Sensitive and Confidential Cases**

**Non-Viewable images in Court Cases Requiring Clerk Assistances**



e-Certify

| Docket Table Headers Are Sortable. Click For Ascending, Again For Descending Order | | | | | | | |
| --- | --- | --- | --- | --- | --- | --- | --- |
| Source Table Abbreviations: BM = Benchmark; JIS = Justice Informations System | | | | | | | |
| Docket Date | CCISSeqNbr | Docket Code | ECertify | Docket Text | OR Book | OR Page | Source |
| 4/5/2023 | 2 | CCS PDF | ‹‹-Req $ | CIVIL COVER SHEET | | | BM |
| 4/5/2023 | 3 | COMP_CA PDF | ‹‹-Req $ | COMPLAINT | | | BM |
| 4/5/2023 | 4 | SUIS PDF | ‹‹-Req $ | SUMMONS ISSUED | | | BM |
| 4/6/2023 | 1 | a002 | | JUDGE DEMPSEY, ANGELA C: ASSIGNED | | | BM |
| 4/6/2023 | 5 | RECEIPT PDF | ‹‹-Req $ | PAYMENT $410.00 RECEIPT #1703642 | | | BM |
| 4/6/2023 | 6 | UOCC PDF | | UNIFORM ORDER FOR ACTIVE, DIFFERENTIAL CIVIL CASE MANAGEMENT E-NOTICED via email on 2023-04-06 | | | BM |
| 5/24/2023 | 7 | ROSE PDF | ‹‹-Req $ | RETURN OF SERVICE EXECUTED- DOLGENCORP LLC | | | BM |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 6/6/2023 | 8 | NAPR 📕 | ☐ *«-Req $* | DOLGENCORP, LLC NOTICE OF APPEARANCE AND DESIGNATION OF PRIMARY AND SECONDARY E-MAIL ADDRESSES | | | BM |

Top of Page

| Event | Date | Start | Location | Judge | Result | Source |
|---|---|---|---|---|---|---|
| | | | | | | |

Top of Page

| Docket Application | Owed | Paid | Dismissed | Due |
|---|---|---|---|---|
| COMPLAINT | $400.00 | $400.00 | $0.00 | $0.00 |
| SUMMONS ISSUED | $10.00 | $10.00 | $0.00 | $0.00 |

Top of Page

| Ar Plan | | | | | |
|---|---|---|---|---|---|
| Ordered Amt | Paid | Dismissed | Balance | Delinquent | |
| | | | | | |

Top of Page

**FORM 1.997.    CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

_____

### I.    CASE STYLE

IN THE CIRCUIT/COUNTY COURT OF THE <u>SECOND</u>  JUDICIAL CIRCUIT,
IN AND FOR <u>LEON</u>  COUNTY, FLORIDA

<u>BROOKE COLE</u>
Plaintiff

Case # ___<u>2023 CA 001308</u>___
Judge _____

vs.
<u>DOLGENCORP, LLC</u>
Defendant

_____

### II.    AMOUNT OF CLAIM

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐ $8,000 or less
☐ $8,001 - $30,000
☐ $30,001- $50,000
☐ $50,001- $75,000
☐ $75,001 - $100,000
☒ over $100,000.00

### III.    TYPE OF CASE     (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
      ☐ Business governance
      ☐ Business torts
      ☐ Environmental/Toxic tort
      ☐ Third party indemnification
      ☐ Construction defect
      ☐ Mass tort
      ☐ Negligent security
      ☐ Nursing home negligence
      ☐ Premises liability—commercial
      ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
      ☐ Commercial foreclosure
      ☐ Homestead residential foreclosure
      ☐ Non-homestead residential foreclosure
      ☐ Other real property actions

☐ Professional malpractice
      ☐ Malpractice—business
      ☐ Malpractice—medical
      ☐ Malpractice—other professional
☒ Other
      ☐ Antitrust/Trade regulation
      ☐ Business transactions
      ☐ Constitutional challenge—statute or ordinance
      ☐ Constitutional challenge—proposed amendment
      ☐ Corporate trusts
      ☒ Discrimination—employment or other
      ☐ Insurance claims
      ☐ Intellectual property
      ☐ Libel/Slander
      ☐ Shareholder derivative action
      ☐ Securities litigation
      ☐ Trade secrets
      ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
      ☐ Residential Evictions
      ☐ Non-residential Evictions
☐ Other civil (non-monetary)

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

    **IV.**    **REMEDIES SOUGHT** (check all that apply):
    ☒ Monetary;
    ☒ Nonmonetary declaratory or injunctive relief;
    ☒ Punitive

    **V.**    **NUMBER OF CAUSES OF ACTION:** [   ]
    (Specify)

    <u>1</u>

    **VI.**    **IS THIS CASE A CLASS ACTION LAWSUIT?**
        ☐ yes
        ☒ no

    **VII.**    **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
        ☒ no
        ☐ yes If "yes," list all related cases by name, case number, and court.

    **VIII.**    **IS JURY TRIAL DEMANDED IN COMPLAINT?**
        ☒ yes
        ☐ no

    **IX.**    **DOES THIS CASE INVOLVE ALLEGATIONS OF SEXUAL ABUSE?**
        ☐ yes
        ☒ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: <u>s/ Marie A Mattox</u>        Fla. Bar # <u>739685</u>
        Attorney or party               (Bar # if attorney)

<u>Marie A Mattox     </u>        <u>04/05/2023</u>
  (type or print name)           Date

IN THE CIRCUIT COURT OF THE
SECOND JUDICIAL CIRCUIT, IN AND
FOR LEON COUNTY, FLORIDA

**BROOKE COLE,**

      **Plaintiff,**

v.

**DOLGENCORP, LLC,**

      **Defendant.**

_____/

**CASE NO.: 23-CA-** 2023 CA 001308
**FLA BAR NO.: 0739685**

## COMPLAINT

Plaintiff, BROOKE COLE, hereby sues Defendant, DOLGENCORP, LLC, and alleges:

## NATURE OF THE ACTION

1.      This is an action brought under the Florida Civil Rights Act, codified at Chapter 760, Florida Statutes.

2.      This action involves claims which are, individually, in excess of Fifty Thousand Dollars ($50,000.00), exclusive of costs and interest.

## THE PARTIES

3.      At all times pertinent hereto, Plaintiff, BROOKE COLE, has been a resident of the State of Florida and was employed by Defendant. Plaintiff is a member of a protected class due to her race and gender.

4.      At all times pertinent hereto, Defendant, DOLGENCORP, LLC, has been organized and existing under the laws of the State of Florida. At all times pertinent to this action, Defendant has been an "employer" as that term is used under the applicable laws identified above. Defendant was Plaintiff's employer as it relates to these claims.

## CONDITIONS PRECEDENT

5.      Plaintiff has satisfied all conditions precedent to bringing this action, if any.

## STATEMENT OF THE ULTIMATE FACTS

6.      Plaintiff, a white female, began her employment with Defendant on or about November 21, 2017, and held the position of Assistant Manager at the time of her wrongful termination on April 9, 2019.

7.      Despite her stellar work performance during her employment with Defendant, Plaintiff was subjected to disparate treatment, different terms and conditions of employment, and was held to a different standard because of her race and gender and because she reported Defendant's unlawful employment activities and was subject to retaliation thereafter.

8.      The disparate treatment and retaliation came at the hands of specifically but not limited to Store Manager Deno Perry, an African American male, and Direct Manager Marvin Love, an African American male.

9.      In 2019, Plaintiff received a promotion to Assistant Manager. She was an excellent employee who never missed work, never got in trouble, and got along with all her co- workers.

10.     After her promotion, she moved stores to 1824 Thomasville Road. Within a week, the Store Manager was rude to Plaintiff and treated he like he did not want her at his store.

11.     Within a short time thereafter, Plaintiff received permission to purchase certain items (candy) just like her African American coworkers.  They bought the same or similar items. Plaintiff's purchases were made when she was off the clock.

12.     The following day when Plaintiff went into work, Perry wrote Plaintiff up and fired her for purchasing the candy even though she was off the clock and had permission to purchase the items.

2

13.    The black male workers who did the same thing Plaintiff did were not reprimanded or fired.  Plaintiff contends she was targeted and treated less favorably due to her race and gender by African American male management.

14.    Plaintiff has retained the undersigned to represent her interests in this cause and is obligated to pay a fee for these services.  Defendant should be made to pay said fee under the laws referenced above.

## COUNT I
## RACE DISCRIMINATION

15.    Paragraphs 1 through 14 are realleged and incorporated herein by reference.

16.    This is an action against Defendant for discrimination based upon race brought under Chapter 760, Florida Statutes.

29.    Plaintiff has been the victim of discrimination on the basis of Plaintiff's race in that Plaintiff was treated differently than similarly situated employees of Defendants who are black and has been subject to hostility and poor treatment on the basis, at least in part, of Plaintiff's race.

30.    Defendant is liable for the differential treatment and hostility towards Plaintiff because it controlled the actions and inactions of the persons making decisions affecting Plaintiff or it knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff.   Furthermore, Defendant knowingly condoned and ratified the differential treatment of Plaintiff as more fully set forth above because it allowed the differential treatment and participated in same.

31.    Defendant's known allowance and ratification of these actions and inactions created, perpetuated, and facilitated an abusive and offensive work environment within the meaning of the statutes referenced above.

3

32.    In essence, the actions of agents of Defendant, which were each condoned and ratified by Defendant, were of a race-based nature and in violation of the laws set forth herein.

33.    The discrimination complained of herein affected a term, condition, or privilege of Plaintiff's continued employment with Defendant.  The events set forth herein lead, at least in part, to Plaintiff's termination on contrived allegations.

34.    Defendant's conduct and omissions constitutes intentional discrimination and unlawful employment practices based upon race in violation of Chapter 760, Florida Statutes.

35.    As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, bodily injury, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits.  These damages have occurred in the past, are permanent and continuing.  Plaintiff is entitled to injunctive/equitable relief and punitive damages.

**COUNT II**
**<u>GENDER DISCRIMINATION</u>**

36.    Paragraphs 1 through 14 are re-alleged and incorporated herein by reference.

37.    This is an action against Defendant for discrimination based upon gender brought under Chapter 760, Florida Statutes.

38.    Plaintiff has been the victim of discrimination on the basis of Plaintiff's gender in that Plaintiff was treated differently than similarly situated employees of Defendant who are male and has been subject to disparate and poor treatment on the basis, at least in part, of Plaintiff's gender.

39.    Defendant is liable for the differential treatment and hostility towards Plaintiff because it controlled the actions and inactions of the persons making decisions affecting Plaintiff

4

or it knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff.

40.     Furthermore, Defendant knowingly condoned and ratified the differential treatment of Plaintiff as more fully set forth above because it allowed the differential treatment and participated in same.

41.     Defendant's known allowance and ratification of these actions and inactions created, perpetuated, and facilitated an abusive and offensive work environment within the meaning of the statutes referenced above.

42.     In essence, the actions of agents of Defendant, which were each condoned and ratified by Defendant, were of a gender-based nature and in violation of the laws set forth herein.

43.     The discrimination complained of herein affected a term, condition, or privilege of Plaintiff's continued employment with Defendant.  The events set forth herein led, at least in part, to Plaintiff's termination.

44.     Defendant's conduct and omissions constitutes intentional discrimination and unlawful employment practices based upon gender in violation of Chapter 760, Florida Statutes.

45.     As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits.  These damages have occurred in the past, are permanent and continuing.  Plaintiff is entitled to injunctive/equitable relief and punitive damages.

**<u>PRAYER FOR RELIEF</u>**

WHEREFORE, Plaintiff demands judgment against Defendant for the following:

(a)    that process issue and this Court take jurisdiction over this case;

(b)    that this Court grant equitable relief against Defendant under the applicable counts set forth above, mandating Defendant's obedience to the laws enumerated herein and providing other equitable relief to Plaintiff;

(c)    enter judgment against Defendant and for Plaintiff awarding all legally-available general and compensatory damages and economic loss to Plaintiff from Defendant for Defendant's violations of law enumerated herein;

(d)    enter judgment against Defendant and for Plaintiff permanently enjoining Defendant from future violations of law enumerated herein;

(e)    enter judgment against Defendant and for Plaintiff awarding Plaintiff attorney's fees and costs;

(f)    award Plaintiff interest where appropriate; and

(g)    grant such other further relief as being just and proper under the circumstances, including but not limited to reinstatement.

### DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury on all issues herein that are so triable.

DATED this 5th day of April 2023.

Respectfully submitted,


/s/ Marie A. Mattox
Marie A. Mattox [FBN 0739685]
MARIE A. MATTOX, P. A.
203 North Gadsden Street
Tallahassee, FL 32301
Telephone:  (850) 383-4800
Facsimile:   (850) 383-4801
Marie@mattoxlaw.com
Secondary emails:
marlene@mattoxlaw.com
michelle@mattoxlaw.com


ATTORNEYS FOR PLAINTIFF

**IN THE CIRCUIT COURT OF THE**
**SECOND JUDICIAL CIRCUIT, IN AND**
**FOR LEON COUNTY, FLORIDA**

**BROOKE COLE,**                    **CASE NO.: 23-CA-  2023 CA 001308**
                                     **FLA BAR NO.: 0739685**
     **Plaintiff,**

**v.**

**DOLGENCORP, LLC,**                    **SUMMONS**

     **Defendant.**
_____/

THE STATE OF FLORIDA:

To Each Sheriff of the State:

     YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on Defendant:

     **DOLGENCORP, LLC**
     **C/O CORPORATION SERVICE COMPANY – REGISTERED AGENT**
     **1201 HAYS STREET**
     **TALLAHASSEE, FL 32301-2525**

     Each defendant is required to serve written defenses to the complaint or petition on **Marie A. Mattox, P. A.**, Plaintiff's attorney, whose address is **310 East Bradford Road, Tallahassee, FL 32303**, within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court, either before serve on plaintiff's attorney or immediately thereafter.  If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

     DATED on _____, 2023.

               CLERK OF THE CIRCUIT COURT

                                 04/06/2023
               By:_____



IN THE SECOND JUDICIAL CIRCUIT IN AND FOR LEON COUNTY, FLORIDA

**BROOKE  COLE**

      Plaintiff

vs                                                                    CASE NO.: 2023 CA 001308

  **DOLGENCORP, LLC**

      Defendant

_____/

<u>**UNIFORM ORDER FOR ACTIVE, DIFFERENTIAL CIVIL CASE MANAGEMENT**</u>

In compliance with Florida Supreme Court directives on active, differential civil case management established in Supreme Court Administrative Order AOSC20-23, Amendment 12, and Second Judicial Circuit Administrative Order 21 - 04, all parties in the above-styled cause are bound by this Case Management Order.

**Plaintiff shall serve this order on all parties with service of the original complaint. Strict enforcement is required unless good cause is shown for an exception or as otherwise required by law.**

**I. PROJECTED TRIAL DATE**

All COUNTY COURT Civil cases are designated STREAMLINED CASES with a projected trial date of 360 days from the date of filing of the complaint.

All CIRCUIT COURT Civil cases for which the complaint does not demand trial by jury are designated STREAMLINED CASES with a projected trial date of 360 days from the date of filing of the complaint.

All CIRCUIT COURT Civil cases for which the complaint demands trial by jury are GENERAL CASES with a projected trial date of 540 days from the date of filing of the complaint.

A change in the above designations may be made by the presiding judge on the judge's own initiative or upon motion of any party. Should any party assert that a civil case should be treated other than designated above, such party shall file a written motion requesting such change and the motion shall be expeditiously resolved by the

presiding Judge.

## II. Notice that Cause is at Issue and Firm Trial Date

The parties must file a Joint Notice that the Cause is at Issue no later than 15 days after the pleadings are closed. In the event of a dispute, either party may file a motion and request a hearing to determine if the cause is at issue.

Upon joint notice or judicial determination that the cause is at issue, the Court will schedule a Firm Trial Date consistent with the Projected Trial Date above unless either party requests a different date in their Notice that the Cause is at Issue. Should either party request a Firm Trial Date different than the Projected Trial Date, the Plaintiff shall expeditiously set a case management conference to determine the Firm Trial Date.

## III. Mandatory Deadlines for Streamlined Cases

If this case is designated as a STREAMLINED CASE, the following deadlines shall apply and, by directive of the Florida Supreme Court, must be strictly enforced unless good cause is shown for an exception or as otherwise required by law:

> 120 days after filing: Service of Complaints
> 150 days after filing: Service under any Extension of Time
> 180 days after filing: Adding New Parties
> 210 days after filing: Resolution of Objections to Pleadings and Motions to Dismiss
> 270 days after filing: Completion of Fact and Expert Discovery
> 270 days after filing: Resolution of Pretrial Motions, including Motions for Summary Judgment

## IV. Mandatory Deadlines for General Cases

If this case is designated as a GENERAL CASE, the following deadlines shall apply and, by directive of the Florida Supreme Court, must be strictly enforced unless good cause is shown for an exception or as otherwise required by law:

> 120 days after filing: Service of Complaints
> 180 days after filing: Service under any Extension of Time
> 210 days after filing: Adding New Parties
> 270 days after filing: Resolution of Objections to Pleadings and Motions to Dismiss
> 400 days after filing: Completion of Fact and Expert Discovery
> 450 days after filing: Resolution of Pretrial Motions, including Motions for Summary Judgment

## V. Mediation

All parties must mediate unless excused by court order for good cause shown or as otherwise required by law and in compliance with Rules of Civil Procedure 1.700 - 1.730.

## VI. Noncompliance

**By Order of the Florida Supreme Court, strict, good faith compliance with this Uniform Order for Active, Differential Civil Case Management is required unless good cause is shown for an exception or as otherwise required by law. These procedures and time standards do not supplant any existing rule, statute, or law.**

**Failure to appear at the pretrial conference or failure to comply with the terms of this order may result in such sanctions as are just and lawful including: an immediate ex parte hearing and entry of final judgment of default or dismissal, limitation of witnesses or other evidence, striking of claims or defenses, or imposition of attorney fees or costs.**

## VII. Hearings by Audio-Video Technology

During the COVID-19 Public Health Emergency, all hearings other than jury selection and trial shall be conducted consistent with Florida Supreme Court andSecond Circuit Administrative Order by audio-video technology. Each judge isresponsible to establish the process for such audio-video technology hearings bynotice of hearing including technology access.After the conclusion of the COVID-19 Public Health Emergency all hearings otherthan jury selection and trial may be conducted by audio-video technology. Eachjudge is responsible to establish the process for such audio-video technologyhearings by notice of hearing including technology access.

Thursday, April 6, 2023
ANGELA C DEMPSEY CIRCUIT JUDGE

ANGELA C DEMPSEY
Circuit Judge

## SUPPLEMENT TO CIVIL CASE MANAGEMENT ORDER

If, at the time the Uniform Order For Active Differential Civil Case Management ("Order") is filed, service on the Defendant(s) has already been made or process provided to a process server, the Plaintiff may comply with the second (in bold) paragraph of the Order by promptly providing a copy of the Order to the Defendant(s) by U.S. Mail or by Electronic Mail. The Plaintiff shall then file a certificate of service documenting that this Order has been provided to the Defendant(s) in this manner.

JoAnn Lampe

**From:**       sop@cscglobal.com
**Sent:**       Tuesday, May 23, 2023 12:51 PM
**To:**         JoAnn Lampe
**Subject:**    Notice of Service of Process - Transmittal Number:26975831

THIS COULD BE A PHISHING MESSAGE! The sender is from outside your organization, so carefully inspect this message for indicators of phishing. DO NOT click links, open attachments, or take other actions in any untrusted or suspicious message.



**NOTICE OF SERVICE OF PROCESS**

## Transmittal Number: **26975831**
(Click the Transmittal Number to view your SOP)

Pursuant to client instructions, we are forwarding this summary and Notice of Service of Process.

| | |
|---|---|
| **Entity:** | Dolgencorp, LLC |
| **Entity I.D. Number:** | 2172521 |
| **Entity Served:** | Dolgencorp, LLC |
| **Title of Action:** | Brooke Cole vs. Dolgencorp, LLC |
| **Matter Name/ID:** | Brooke Cole vs. Dolgencorp, LLC (14103846) |
| **Document(s) type:** | Summons/Complaint |
| **Nature of Action:** | Discrimination |
| **Court/Agency:** | Leon County Circuit Court, Florida |
| **Case/Reference No:** | 2023 CA 001308 |
| **Jurisdiction Served:** | Florida |
| **Date Served on CSC:** | 05/23/2023 |
| **Answer or Appearance Due:** | 20 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |

**Sender Information:**
Marie A. Mattox, P. A.
850-383-4800

1

**Primary Contact:**
Aimee Fuqua
Dollar General Corporation

**Electronic copy provided to:**
afuqua@dollargeneral.com
sfrank@dollargeneral.com
jlampe@dollargeneral.com
jcowan@dollargeneral.com
rkell@dollargeneral.com

---

**NOTES:**

To review other documents in this matter, please link to CSC's Matter Management Services at
www.cscglobal.com

---

Information contained on this transmittal form is for record keeping, notification and forwarding the attached
document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the
document(s) and taking appropriate action.

---

**251 Little Falls Drive, Wilmington, Delaware 19808-1674**
**(888) 690-2882  |  sop@cscglobal.com**

*P231616*
*KV 286*
*5/23/23*
*1 pm*

Filing # 170448813 E-Filed 04/05/2023 11:39:03 PM

IN THE CIRCUIT COURT OF THE
SECOND JUDICIAL CIRCUIT, IN AND
FOR LEON COUNTY, FLORIDA

**BROOKE COLE,**

    **Plaintiff,**

**CASE NO.: 23-CA-**  2023 CA 001308
**FLA BAR NO.: 0739685**

v.

**DOLGENCORP, LLC,**

    **Defendant.**

**SUMMONS**

_____/

THE STATE OF FLORIDA:

To Each Sheriff of the State:

    YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on Defendant:

    **DOLGENCORP, LLC**
    **C/O CORPORATION SERVICE COMPANY – REGISTERED AGENT**
    **1201 HAYS STREET**
    **TALLAHASSEE, FL 32301-2525**

    Each defendant is required to serve written defenses to the complaint or petition on **Marie A. Mattox, P. A.**, Plaintiff's attorney, whose address is **310 East Bradford Road, Tallahassee, FL 32303**, within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court, either before serve on plaintiff's attorney or immediately thereafter.   If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

    DATED on _____, 2023.

CLERK OF THE CIRCUIT COURT

By:_____   .04/06/2023



IN THE CIRCUIT COURT OF THE
SECOND JUDICIAL CIRCUIT, IN AND
FOR LEON COUNTY, FLORIDA

**BROOKE COLE,**

     **Plaintiff,**

**v.**

**DOLGENCORP, LLC,**

     **Defendant.**

CASE NO.: 23-CA-
FLA BAR NO.: 0739685

_____/

## COMPLAINT

Plaintiff, BROOKE COLE, hereby sues Defendant, DOLGENCORP, LLC, and alleges:

## NATURE OF THE ACTION

1.    This is an action brought under the Florida Civil Rights Act, codified at Chapter 760, Florida Statutes.

2.    This action involves claims which are, individually, in excess of Fifty Thousand Dollars ($50,000.00), exclusive of costs and interest.

## THE PARTIES

3.    At all times pertinent hereto, Plaintiff, BROOKE COLE, has been a resident of the State of Florida and was employed by Defendant. Plaintiff is a member of a protected class due to her race and gender.

4.    At all times pertinent hereto, Defendant, DOLGENCORP, LLC, has been organized and existing under the laws of the State of Florida. At all times pertinent to this action, Defendant has been an "employer" as that term is used under the applicable laws identified above. Defendant was Plaintiff's employer as it relates to these claims.

## CONDITIONS PRECEDENT

5.      Plaintiff has satisfied all conditions precedent to bringing this action, if any.

## STATEMENT OF THE ULTIMATE FACTS

6.      Plaintiff, a white female, began her employment with Defendant on or about November 21, 2017, and held the position of Assistant Manager at the time of her wrongful termination on April 9, 2019.

7.      Despite her stellar work performance during her employment with Defendant, Plaintiff was subjected to disparate treatment, different terms and conditions of employment, and was held to a different standard because of her race and gender and because she reported Defendant's unlawful employment activities and was subject to retaliation thereafter.

8.      The disparate treatment and retaliation came at the hands of specifically but not limited to Store Manager Deno Perry, an African American male, and Direct Manager Marvin Love, an African American male.

9.      In 2019, Plaintiff received a promotion to Assistant Manager. She was an excellent employee who never missed work, never got in trouble, and got along with all her co- workers.

10.     After her promotion, she moved stores to 1824 Thomasville Road. Within a week, the Store Manager was rude to Plaintiff and treated he like he did not want her at his store.

11.     Within a short time thereafter, Plaintiff received permission to purchase certain items (candy) just like her African American coworkers.  They bought the same or similar items. Plaintiff's purchases were made when she was off the clock.

12.     The following day when Plaintiff went into work, Perry wrote Plaintiff up and fired her for purchasing the candy even though she was off the clock and had permission to purchase the items.

2

13.    The black male workers who did the same thing Plaintiff did were not reprimanded or fired.  Plaintiff contends she was targeted and treated less favorably due to her race and gender by African American male management.

14.    Plaintiff has retained the undersigned to represent her interests in this cause and is obligated to pay a fee for these services.  Defendant should be made to pay said fee under the laws referenced above.

## COUNT I
## RACE DISCRIMINATION

15.    Paragraphs 1 through 14 are realleged and incorporated herein by reference.

16.    This is an action against Defendant for discrimination based upon race brought under Chapter 760, Florida Statutes.

29.    Plaintiff has been the victim of discrimination on the basis of Plaintiff's race in that Plaintiff was treated differently than similarly situated employees of Defendants who are black and has been subject to hostility and poor treatment on the basis, at least in part, of Plaintiff's race.

30.    Defendant is liable for the differential treatment and hostility towards Plaintiff because it controlled the actions and inactions of the persons making decisions affecting Plaintiff or it knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff.   Furthermore, Defendant knowingly condoned and ratified the differential treatment of Plaintiff as more fully set forth above because it allowed the differential treatment and participated in same.

31.    Defendant's known allowance and ratification of these actions and inactions created, perpetuated, and facilitated an abusive and offensive work environment within the meaning of the statutes referenced above.

3

32.    In essence, the actions of agents of Defendant, which were each condoned and ratified by Defendant, were of a race-based nature and in violation of the laws set forth herein.

33.    The discrimination complained of herein affected a term, condition, or privilege of Plaintiff's continued employment with Defendant.  The events set forth herein lead, at least in part, to Plaintiff's termination on contrived allegations.

34.    Defendant's conduct and omissions constitutes intentional discrimination and unlawful employment practices based upon race in violation of Chapter 760, Florida Statutes.

35.    As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, bodily injury, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits.  These damages have occurred in the past, are permanent and continuing.  Plaintiff is entitled to injunctive/equitable relief and punitive damages.

## COUNT II
## GENDER DISCRIMINATION

36.    Paragraphs 1 through 14 are re-alleged and incorporated herein by reference.

37.    This is an action against Defendant for discrimination based upon gender brought under Chapter 760, Florida Statutes.

38.    Plaintiff has been the victim of discrimination on the basis of Plaintiff's gender in that Plaintiff was treated differently than similarly situated employees of Defendant who are male and has been subject to disparate and poor treatment on the basis, at least in part, of Plaintiff's gender.

39.    Defendant is liable for the differential treatment and hostility towards Plaintiff because it controlled the actions and inactions of the persons making decisions affecting Plaintiff

4

or it knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff.

40.   Furthermore, Defendant knowingly condoned and ratified the differential treatment of Plaintiff as more fully set forth above because it allowed the differential treatment and participated in same.

41.   Defendant's known allowance and ratification of these actions and inactions created, perpetuated, and facilitated an abusive and offensive work environment within the meaning of the statutes referenced above.

42.   In essence, the actions of agents of Defendant, which were each condoned and ratified by Defendant, were of a gender-based nature and in violation of the laws set forth herein.

43.   The discrimination complained of herein affected a term, condition, or privilege of Plaintiff's continued employment with Defendant. The events set forth herein led, at least in part, to Plaintiff's termination.

44.   Defendant's conduct and omissions constitutes intentional discrimination and unlawful employment practices based upon gender in violation of Chapter 760, Florida Statutes.

45.   As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits. These damages have occurred in the past, are permanent and continuing. Plaintiff is entitled to injunctive/equitable relief and punitive damages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment against Defendant for the following:

(a)    that process issue and this Court take jurisdiction over this case;

(b)    that this Court grant equitable relief against Defendant under the applicable counts set forth above, mandating Defendant's obedience to the laws enumerated herein and providing other equitable relief to Plaintiff;

(c)    enter judgment against Defendant and for Plaintiff awarding all legally-available general and compensatory damages and economic loss to Plaintiff from Defendant for Defendant's violations of law enumerated herein;

(d)    enter judgment against Defendant and for Plaintiff permanently enjoining Defendant from future violations of law enumerated herein;

(e)    enter judgment against Defendant and for Plaintiff awarding Plaintiff attorney's fees and costs;

(f)    award Plaintiff interest where appropriate; and

(g)    grant such other further relief as being just and proper under the circumstances, including but not limited to reinstatement.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury on all issues herein that are so triable.

DATED this 5th day of April 2023.

Respectfully submitted,


/s/ Marie A. Mattox
Marie A. Mattox [FBN 0739685]
MARIE A. MATTOX, P. A.
203 North Gadsden Street
Tallahassee, FL 32301
Telephone:  (850) 383-4800
Facsimile:   (850) 383-4801
Marie@mattoxlaw.com
Secondary emails:
marlene@mattoxlaw.com
michelle@mattoxlaw.com


ATTORNEYS FOR PLAINTIFF

7

IN THE SECOND JUDICIAL CIRCUIT IN AND FOR LEON COUNTY, FLORIDA

**BROOKE COLE**

      Plaintiff

vs                                          CASE NO.: 2023 CA 001308

**DOLGENCORP, LLC**

      Defendant

_____/

## UNIFORM ORDER FOR ACTIVE, DIFFERENTIAL CIVIL CASE MANAGEMENT

In compliance with Florida Supreme Court directives on active, differential civil case management established in Supreme Court Administrative Order AOSC20-23, Amendment 12, and Second Judicial Circuit Administrative Order 21 - 04, all parties in the above-styled cause are bound by this Case Management Order.

**Plaintiff shall serve this order on all parties with service of the original complaint. Strict enforcement is required unless good cause is shown for an exception or as otherwise required by law.**

### I. PROJECTED TRIAL DATE

All COUNTY COURT Civil cases are designated STREAMLINED CASES with a projected trial date of 360 days from the date of filing of the complaint.

All CIRCUIT COURT Civil cases for which the complaint does not demand trial by jury are designated STREAMLINED CASES with a projected trial date of 360 days from the date of filing of the complaint.

All CIRCUIT COURT Civil cases for which the complaint demands trial by jury are GENERAL CASES with a projected trial date of 540 days from the date of filing of the complaint.

A change in the above designations may be made by the presiding judge on the judge's own initiative or upon motion of any party. Should any party assert that a civil case should be treated other than designated above, such party shall file a written motion requesting such change and the motion shall be expeditiously resolved by the

presiding Judge.

## II. Notice that Cause is at Issue and Firm Trial Date

The parties must file a Joint Notice that the Cause is at Issue no later than 15 days after the pleadings are closed. In the event of a dispute, either party may file a motion and request a hearing to determine if the cause is at issue.

Upon joint notice or judicial determination that the cause is at issue, the Court will schedule a Firm Trial Date consistent with the Projected Trial Date above unless either party requests a different date in their Notice that the Cause is at Issue. Should either party request a Firm Trial Date different than the Projected Trial Date, the Plaintiff shall expeditiously set a case management conference to determine the Firm Trial Date.

## III. Mandatory Deadlines for Streamlined Cases

If this case is designated as a STREAMLINED CASE, the following deadlines shall apply and, by directive of the Florida Supreme Court, must be strictly enforced unless good cause is shown for an exception or as otherwise required by law:

> 120 days after filing: Service of Complaints
> 150 days after filing: Service under any Extension of Time
> 180 days after filing: Adding New Parties
> 210 days after filing: Resolution of Objections to Pleadings and Motions to Dismiss
> 270 days after filing: Completion of Fact and Expert Discovery
> 270 days after filing: Resolution of Pretrial Motions, including Motions for Summary Judgment

## IV. Mandatory Deadlines for General Cases

If this case is designated as a GENERAL CASE, the following deadlines shall apply and, by directive of the Florida Supreme Court, must be strictly enforced unless good cause is shown for an exception or as otherwise required by law:

> 120 days after filing: Service of Complaints
> 180 days after filing: Service under any Extension of Time
> 210 days after filing: Adding New Parties
> 270 days after filing: Resolution of Objections to Pleadings and Motions to Dismiss
> 400 days after filing: Completion of Fact and Expert Discovery
> 450 days after filing: Resolution of Pretrial Motions, including Motions for Summary Judgment

## V. Mediation

All parties must mediate unless excused by court order for good cause shown or as otherwise required by law and in compliance with Rules of Civil Procedure 1.700 - 1.730.

## VI. Noncompliance

**By Order of the Florida Supreme Court, strict, good faith compliance with this Uniform Order for Active, Differential Civil Case Management is required unless good cause is shown for an exception or as otherwise required by law. These procedures and time standards do not supplant any existing rule, statute, or law.**

**Failure to appear at the pretrial conference or failure to comply with the terms of this order may result in such sanctions as are just and lawful including: an immediate ex parte hearing and entry of final judgment of default or dismissal, limitation of witnesses or other evidence, striking of claims or defenses, or imposition of attorney fees or costs.**

## VII. Hearings by Audio-Video Technology

During the COVID-19 Public Health Emergency, all hearings other than jury selection and trial shall be conducted consistent with Florida Supreme Court and Second Circuit Administrative Order by audio-video technology. Each judge is responsible to establish the process for such audio-video technology hearings by notice of hearing including technology access. After the conclusion of the COVID-19 Public Health Emergency all hearings other than jury selection and trial may be conducted by audio-video technology. Each judge is responsible to establish the process for such audio-video technology hearings by notice of hearing including technology access.

Thursday, April 6, 2023
ANGELA C DEMPSEY CIRCUIT JUDGE

ANGELA C DEMPSEY
Circuit Judge

## SUPPLEMENT TO CIVIL CASE MANAGEMENT ORDER

If, at the time the Uniform Order For Active Differential Civil Case Management ("Order") is filed, service on the Defendant(s) has already been made or process provided to a process server, the Plaintiff may comply with the second (in bold) paragraph of the Order by promptly providing a copy of the Order to the Defendant(s) by U.S. Mail or by Electronic Mail. The Plaintiff shall then file a certificate of service documenting that this Order has been provided to the Defendant(s) in this manner.

# VERIFIED RETURN OF SERVICE

Job # T231616

**Client Info:**

MARIE MATTOX, PA
MARIE MATTOX
203 NORTH GADSDEN STREET
Tallahassee, FL  32301

**Case Info:**

| | |
|---|---|
| **PLAINTIFF:** | CIRCUIT COURT |
| BROOKE COLE | |
| -versus- | County of Leon, Florida |
| **DEFENDANT:** | Court Case # **2023 CA 001308** |
| DOLGENCORP, LLC | |

**Service Info:**

**Received by KATHRYN VILLA: on May, 23rd 2023** at **09:07 AM**
**Service:** I Served **DOLGENCORP, LLC C/O CORPORATION SERVICE COMPANY - REGISTERED AGENT**
With: **SUMMONS; COMPLAINT; UNIFORM FOR ACTIVE, DIFFERENTIAL CIVIL CASE MANAGEMENT**
by leaving with **MonaLisa Hart, AUTHORIZED TO ACCEPT FOR R.A. COMPANY**

**At Business 1201 HAYS STREET TALLAHASSEE, FL 32301**
On **5/23/2023** at **01:00 PM**
**Manner of Service: CORPORATE**
CORPORATE SERVICE: F.S. 48.081 (1)(a)(b)(c)(d), (2) or (3)

I **KATHRYN VILLA** acknowledge that I am 18 years or older, authorized to serve process, in good standing in the jurisdiction wherein the process was served, and I have no interest in the above action. Under penalties of perjury, I declare that I have read the foregoing document and that the facts stated in it are true.

*Kathryn Villa*

**KATHRYN VILLA**
Lic # **286**

**ACCURATE SERVE OF TALLAHASSEE**
400 CAPITAL CIRCLE SE STE 18291
Tallahassee, FL 32301
Phone: (850) 519-5494

Our Job # **T231616**    Client Ref # **BROOKE COLE**





1 of 1

IN THE CIRCUIT COURT OF THE SECOND JUDICIAL CIRCUIT,
IN AND FOR LEON COUNTY, FLORIDA

BROOKE COLE,                                    CASE NO.: 23-CA-1308

       Plaintiff,

v.

DOLGENCORP, LLC

       Defendants.

_____/

## NOTICE OF APPEARANCE AND DESIGNATION
## OF PRIMARY AND SECONDARY E-MAIL ADDRESSES

     The undersigned, Erika E. Goodman, now appears as additional counsel of record for Plaintiff.  Pursuant to Florida Rule of Judicial Administration 2.516(b)(1)(A), the undersigned hereby designates her primary and secondary e-mail addresses and requests that order, process, pleadings, and other documents filed and served in this matter be served on her at the following Primary and Secondary e-mail addresses listed below. Where service of hard copies is to be made in addition to the e-mail service, counsel requests that the copies be served on her at the physical address listed below.

Primary E-Mail Address: Erika@erikagoodmanlaw.com
erika@mattoxlaw.com
Secondary E-Mail Address: sherry@mattoxlaw.com
Scheduling: michelle2@mattoxlaw.com

     I HEREBY CERTIFY that a copy of the foregoing has been furnished via electronic filing only to all counsel of record this 6th day of June 2023.

     Respectfully submitted,


     */s/ Erika E. Goodman*
     Erika E. Goodman

Florida Bar No.: 0060951
MARIE A. MATTOX, P. A.
203 North Gadsden St.
Tallahassee, FL   32301
Telephone: (850) 383-4800 or Cell (850)556-4546
Facsimile: (850) 383-4801
ATTORNEY FOR PLAINTIFF